UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEVON GROVES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:15-cv-00175-JMS-WGH |
| | ) |
| LEANN LARIVA, Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Devon Groves is confined at the Federal Correctional Complex in Terre Haute, Indiana. He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Groves was convicted by a jury in the Northern District of Indiana of being a felon in possession of a firearm and ammunition. His conviction and sentence were affirmed on appeal in *United States v. Groves*, 559 F.3d 637 (7th Cir. 2009). Groves' motion to vacate pursuant to 28 U.S.C. § 2255 was denied by the trial court in *Groves v. United States*, No. 3:06-CR-69 RLM, 2012 WL 3611731 (N.D.Ind. Aug. 17, 2012) aff'd, 755 F.3d 588 (7th Cir. 2014). The claim here concerns the trial court's characterization of Groves' 1995 burglary conviction as a crime of violence under U.S.S.G. § 4B1.2(a)(2). This claim was raised and rejected as a basis for an ineffective assistance of counsel allegation in the § 2255 action.

A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Nevertheless, 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or

sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. *Valona v. United States*, 138 F.3d 693, 694–65 (7th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

The savings clause of § 2255(e) does not give Groves a second bite at the post-conviction relief apple. No argument he presents dictates otherwise. He mentions *Descamps v. United States*, 133 S. Ct. 2276 (2013), but this does not benefit him. "To date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014), and the rule in *Descamps* has been the rule in the Seventh Circuit since at least 2009. *See United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009).

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Groves has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Groves did not pay the $5.00 filing fee. He shall have through **July 15, 2015** in which to either do so or demonstrate that he lacks the financial means to do so.

**IT IS SO ORDERED**.

Date:        06/16/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DEVON GROVES
08819-027
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808